IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

DAN WICKER,

       Plaintiff,

                                       Case No.   2:25-cv-10621

v.

                                       Hon.

ALLY BANK,

       Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Ally Bank ("Ally") removes the action below from the 24th Judicial District Court, State of Michigan, to this Court.  In support of removal, Ally states as follows:

1.      Plaintiff Dan Wicker ("Plaintiff") filed a civil action against Ally, captioned *Dan Wicker v. Ally Bank*, Case No. 25-61769 (the "Action") in 24th Judicial District Court, State of Michigan, Small Claims Division on or about January 23, 2025.

2.      In the Action, Plaintiff asserts putative claim arising under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Fair Billing Practices Act ("FCBA"), 15 U.S.S. § 1666, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

3.      After filing the Affidavit and Claim, attaching a "Complaint," commencing the Action, Plaintiff removed the Action from the Small Claims Division to the General Civil Division of the 24th Judicial District Court.

4.      A true and correct copy of the Affidavit and Claim, Complaint, unexecuted Proof of Service, and Demand and Order from Removal (Small Claims), which constitutes all process, pleadings, and orders received by Ally in the Action, are attached, collectively, as **Exhibit A**.  Ally first received notice of this Action upon its receipt of the Affidavit and Claim and Complaint on February 13, 2025.

5.      Removal to this Court is proper and appropriate pursuant to 28 U.S.C. § 1441, because this Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1331.

6.      Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  Removal jurisdiction based upon § 1331 exists when a federal question is presented on the face of the complaint; that is, the plaintiff's complaint establishes the case "arises under" federal law.  *See*, *So. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

7.      This is a civil action arising under the laws of the United States because Plaintiff asserts several putative claims based upon alleged (yet unspecified) violations of TILA, FCPA, FDCPA, and FCRA, all of which are federal statutes.  Plaintiff could have originally filed each of his putative claims in this Court.

8.      This Court is the proper venue for the Action as it is the district and division within which the state court where the Action was originally filed and is presently pending is located.  28 U.S.C. § 1441(a).

9.      This Notice of Removal is timely because it is being filed within 30 days of Ally's receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the Action is based: the Affidavit and Claim, received on February 13, 2025.  28 U.S.C. § 1446(b)(1).

10.      Contemporaneous with this filing, Ally will file a copy of this Notice of Removal with the clerk of the court for the 24th Judicial District Court, State of Michigan, and serve a copy of both filings upon Plaintiff.

11.      Ally, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, respectfully requests that the Action be removed to this Court.

Respectfully submitted,

DICKINSON WRIGHT PLLC

/s/ *Patrick B. Green*
Patrick B. Green (P68759)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
pgreen@dickinsonwright.com

*Attorneys for Defendant Ally Bank*

Dated: March 6, 2025

# EXHIBIT A

| STATE OF MICHIGAN<br>24th distict     **JUDICIAL DISTRICT** | **AFFIDAVIT AND CLAIM**<br>**Small Claims** | **CASE NUMBER and JUDGE** |
|---|---|---|

**Court address**                                                                    Court telephone number
6515 Roosevelt Ave, Allen Park, MI 48101                                             313-928-0535

See additional notice and instructions on page 2.

1. Dan Wicker
   _____
   **Plaintiff**
   14641 Moran Ave
   _____
   **Address**
   Allen Park, MI 48101        248-533-5433
   _____
   **City, state, zip**        **Telephone number**

2. Ally Bank
   _____
   **Defendant**
   500 Woodward Ave. Floor 10
   _____
   **Address**
   Detroit, MI 48226          (800) 955-7632
   _____
   **City, state, zip**        **Telephone number**

| NOTICE OF HEARING |
|---|
| **For Court Use Only** |
| The plaintiff and the defendant must be in court on |
| Day _____  Date _____ |
| at _____ at ☐ the court address above.<br>Time |
| ☐ _____<br>Location |
| _____ Fee paid: $ _____<br>Process server's name |

☐ 3. A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this

complaint has been previously filed in   ☐ this court   ☐ _____ Court.

It was given case number _____ and assigned to Judge _____.

The action  ☐ remains   ☐ is no longer pending.

4. I have knowledge or belief about all the facts stated in this affidavit and I am
   ☑ the plaintiff or his/her guardian, conservator, or next friend.   ☐ a partner.   ☐ a full-time employee of the plaintiff.

5. The plaintiff is  ☑ an individual.  ☐ a partnership.  ☐ a corporation.  ☐ a sole proprietor.  ☐ _____.

6. The defendant is ☐ an individual.  ☐ a partnership.  ☑ a corporation.  ☐ a sole proprietor.  ☐ _____.

7. The date(s) the claim arose is/are Dec 30, 2024 _____.
   Attach separate sheets if necessary

8. Amount of money claimed is $ 7000.00 _____. (Note: Plaintiff's costs are determined by the court and awarded as appropriate.
   They are not part of the amount claimed.)

9. The reasons for the claim are: Defendant which operates in Michigan and services my address in Allen Park has violated

   multiple credit protection act laws.  see attached complaint. _____

   _____

   _____

10. The plaintiff understands and accepts that the claim is limited to $7,000 by law and that the plaintiff gives up the rights to
    (a) recover more than this limit, (b) an attorney, (c) a jury trial, and (d) appeal the judge's decision.

Approved, SCAO                    | Form Instructions |        Distribute form to:
Form DC 84, Rev. 1/24                                          Court (with instructions)
MCL 600.8401 et seq., MCR 4.302, MCR 4.303, 50 USC 3931       Defendant (with instructions)
Page 1 of 2                                                    Plaintiff (with instructions)                SRA
                                                              Return (with proof of service)

Affidavit and Claim, Small Claims  (1/24)
Page 2 of 2

Case Number _____

11. I believe the defendant  ☑ is  ☐ is not  mentally competent. I believe the defendant  ☑ is  ☐ is not  18 years or older.

12. ☐ I do not know whether the defendant is in the military service.  ☑ The defendant is not in the military service.
    ☐ The defendant is in the military service.

_____
Signature

Subscribed and sworn to before me on ___January 23, 2025___
                                        Date
CASSANDRA CLEVELAND
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Apr 5, 2030
My commission expires on ___04/05/2030___.

Cassandra Cleveland
Deputy clerk/Notary public signature
Cassandra Cleveland
Name (type or print)

Notary public, State of Michigan, County of ___Oakland___. ☐ Acting in the County of ___Oakland___
☐ This notarial act was performed using an electronic notarization system or a remote electronic notarization platform.

## ADDITIONAL NOTICE AND INSTRUCTIONS

**TO BOTH THE PLAINTIFF AND THE DEFENDANT:**

- You must bring to the hearing all witnesses, books, papers, and other physical evidence needed to prove or disprove this claim.

- Before the trial (hearing) starts, you have the right to

  1. remove the case to the general civil division of the district court, or

  2. have the case heard by a district court judge (if the hearing is scheduled before an attorney magistrate).  If the case is heard by an attorney magistrate, you may appeal to the district judge within 7 days after the trial.

- If the case is tried in the small claims division, you give up the right to an attorney, to a jury trial, and to appeal the judge's decision.

If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**TO THE DEFENDANT:**

- The affidavit and claim you have just received means you are being sued in the small claims division of the district court.

- The court is being asked to decide a matter that the plaintiff says is your obligation and responsibility.

- If you wish to deny this claim or arrange terms of payment, you must make your request by appearing at the date, time, and place stated in the notice of hearing on the front of this form.

- If you do not appear at the date, time, and place stated, a default judgment may be entered against you for the amount stated in item 8, including the costs of this action.

- If the dispute is settled before or at the hearing, you may have to pay the plaintiff's costs.

- In case a judgment is entered against you at the hearing, you should be prepared to pay the amount stated in item 8, including the costs of this action, or to make arrangements for installment payments.

**Affidavit and Claim, Small Claims   (1/24)**                                    Case Number _____

### PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the affidavit and claim no later than 7 days before the hearing date and file proof of service with the court clerk. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served   ☐ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the defendant or the defendant's agent (copy of return receipt attached)   a copy of the affidavit and claim, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the affidavit and claim, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|------|--------------------------|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature _____ |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the affidavit and claim, together with

_____ on _____ .
Attachments (if any)                                      Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.8405, MCR 2.105, MCR 4.303

**STATE OF MICHIGAN**
**24th JUDICIAL DISTRICT COURT**

Dan Wicker                                                    Case #
14641 Moran Ave
Allen Park, MI 48101

       PLAINTIFF

v.

Ally Bank
500 Woodward Ave, Floor 10
Detroit, MI 48226

       DEFENDANT

_____

**COMPLAINT**

Plaintiff, Dan Wicker who resides at 14641 Moran Ave, Allen Park, MI 48101, alleges upon information and belief as follows:

Background: Plaintiff obtained for an auto lease in May 2023 with Defendant and was given loan with different terms than originally promised.  Defendant was supposed to provide documentation to explain any change in terms in writing.  Defendant did not provide any information regarding changes to terms; including interest rates, payments and term.  As a result, Plaintiff struggled with the payments and fell behind.  Plaintiff attempted and was successful at modifying payment terms to move payment date 60 days from original due date for all successive payments.  Plaintiff began making payments in order to repair credit rating and honor contract with Defendant.  Two years later Plaintiff is still dealing with the consequence of the "High Cost Lease" that he received from Defendant and has been unable to obtain financing for another automobile.  This has put a considerable burden on the Plaintiff and extraordinarily high cost for any means of transportation.

USC 15, chapter 41 Consumer Credit Protection established under the Consumer Financial Protection Act of 2010 further establishes the regulation for Truth in Lending, Fair Credit Billing Act, Debt Collection Practices Act and Fair Credit Reporting Act. Through the proofs and testimony Plaintiff will demonstrate negligent and intentional disregard for these laws and illustrate the abusive nature of the Defendant in their many Class Action defenses and settlements still ongoing in many states and by Federal authorities and various other Federal Enforcement Agencies.

1.  **Upon information and belief, Defendant is licensed to do business in the state of Michigan and services loans and acts as Debt Collection Company in the State of Michigan.**

2.  **Upon information and belief that Defendant serviced a loan for a 2023 Jeep Wrangler 4xe leased in May 2023.**

3.  **Upon information and belief Defendant, continually place late payments on Plaintiffs credit report and the Plaintiff has disputed the item in writing per the Debt Collection Practices Act and Fair Credit Reporting Act.**

4.  **Upon information and belief the Plaintiff discovered the information on June of 2024, when he ordered and obtained a copy of his credit report.**

5.  **Upon receiving loan from Defendant in 2023 the Plaintiff discovered the terms had changed but was not given any explanation and was induced to accept new loan terms which is a violation of Truth in Lending rules specifically section 311 of the 15**

**USC 1681 which states as**

SEC. 311. RISK-BASED PRICING NOTICE.

(a) DUTIES OF USERS.—Section 615 of the Fair Credit Reporting Act (15 U.S.C. 1681m), as amended by this Act, is amended by adding at the end the following:

"(h) DUTIES OF USERS IN CERTAIN CREDIT TRANSACTIONS.— "(1) IN GENERAL.— Subject to rules prescribed as provided in paragraph (6), if any person uses a consumer report in connection with an application for, or a grant, extension, or other provision of, credit on material terms that are materially less favorable than the most favorable terms available to a substantial proportion of consumers from or through that person, based in whole or in part on a consumer report, the person shall provide an oral, written, or electronic notice to the consumer in the form and manner required by regulations prescribed in accordance with this subsection.

"(2) TIMING.—The notice required under paragraph (1) may be provided at the time of an application for, or a grant, extension, or other provision of, credit or the time of communication of an approval of an application for, or grant, extension, or other provision of, credit, except as provided in the regulations prescribed under paragraph (6).

"(3) EXCEPTIONS.—No notice shall be required from a person under this subsection if—

"(A) the consumer applied for specific material terms and was granted those terms, unless those terms were initially specified by the person after the transaction was initiated by the consumer and after the person obtained a consumer report; or

"(B) the person has provided or will provide a notice to the consumer under subsection (a) in connection with the transaction.

"(4) OTHER NOTICE NOT SUFFICIENT.—A person that is required to provide a notice under subsection (a) cannot meet that requirement by providing a notice under this subsection.

"(5) CONTENT AND DELIVERY OF NOTICE.—A notice under this subsection shall, at a minimum—

"(A) include a statement informing the consumer that the terms offered to the consumer are set based on information from a consumer report;

"(B) identify the consumer reporting agency furnishing the report;

"(C) include a statement informing the consumer that the consumer may obtain a copy of a consumer report from that consumer reporting agency without charge; and

"(D) include the contact information specified by that **follows:** consumer reporting agency for obtaining such consumer

**6. Upon information and belief Plaintiff discovered "hidden" charges in the payments to the Defendant such as; extra fees for certain types of payments, limitations on traditional payment forms which induce alternative payments that**

allow Defendant to collect additional fees per payment. These charges and fees were not disclosed under "additional information". These result in Truth in lending violation under 15 USC 1632 which states as follows:

> **§1632. Form of disclosure; additional information**
> **(a) Information clearly and conspicuously disclosed; "annual percentage rate" and "finance charge"; order of disclosures and use of different terminology**
> Information required by this subchapter shall be disclosed clearly and conspicuously, in accordance with regulations of the Board. The terms "annual percentage rate" and "finance charge" shall be disclosed more conspicuously than other terms, data, or information provided in connection with a transaction, except information relating to the identify of the creditor. Except as provided in subsection (c) of this section, regulations of the Board need not require that disclosures pursuant to this subchapter be made in the order set forth in this subchapter and, except as otherwise provided, may permit the use of terminology different from that employed in this subchapter if it conveys substantially the same meaning.
> **(b) Optional information by creditor or lessor**
> Any creditor or lessor may supply additional information or explanation with any disclosures required under parts D and E of this subchapter and, except as provided in sections 1637a(b)(3) and 1638(b)(1) of this title, under this part.

**7. At time of purchase Defendant failed to clearly and concisely address the terms under 15 USC §1638 which states as follows:**

> **§1638. Transactions other than under an open end credit plan**
> **(a) Required disclosures by creditor**
> For each consumer credit transaction other than under an open end credit plan, the creditor shall disclose each of the following items, to the extent applicable:
> (1) The identity of the creditor required to make disclosure.
> (2)(A) The "amount financed", using that term, which shall be the amount of credit of which the consumer has actual use. This amount shall be computed as follows, but the computations need not be disclosed and shall not be disclosed with the disclosures conspicuously segregated in accordance with subsection (b)(1) of this section:
> (i) take the principal amount of the loan or the cash price less downpayment and trade-in;
> (ii) add any charges which are not part of the finance charge or of the principal amount of the loan and which are financed by the consumer, including the cost of any items excluded from the finance charge pursuant to section 1605 of this title; and
> (iii) subtract any charges which are part of the finance charge but which will be paid by the consumer before or at the time of the consummation of the transaction, or have been withheld from the proceeds of the credit.
>
> (B) In conjunction with the disclosure of the amount financed, a creditor shall provide a statement of the consumer's right to obtain, upon a written request, a written itemization of the amount financed. The statement shall include spaces for a "yes" and "no" indication to be initialed by the consumer to indicate whether the consumer wants a

written itemization of the amount financed. Upon receiving an affirmative indication, the creditor shall provide, at the time other disclosures are required to be furnished, a written itemization of the amount financed. For the purposes of this subparagraph, "itemization of the amount financed" means a disclosure of the following items, to the extent applicable:

(i) the amount that is or will be paid directly to the consumer;

(ii) the amount that is or will be credited to the consumer's account to discharge obligations owed to the creditor;

(iii) each amount that is or will be paid to third persons by the creditor on the consumer's behalf, together with an identification of or reference to the third person; and

(iv) the total amount of any charges described in the preceding subparagraph (A)(iii).

(3) The "finance charge", not itemized, using that term.

(4) The finance charge expressed as an "annual percentage rate", using that term. This shall not be required if the amount financed does not exceed $75 and the finance charge does not exceed $5, or if the amount financed exceeds $75 and the finance charge does not exceed $7.50.

(5) The sum of the amount financed and the finance charge, which shall be termed the "total of payments".

(6) The number, amount, and due dates or period of payments scheduled to repay the total of payments.

(7) In a sale of property or services in which the seller is the creditor required to disclose pursuant to section 1631(b) of this title, the "total sale price", using that term, which shall be the total of the cash price of the property or services, additional charges, and the finance charge.

(8) Descriptive explanations of the terms "amount financed", "finance charge", "annual percentage rate", "total of payments", and "total sale price" as specified by the Board. The descriptive explanation of "total sale price" shall include reference to the amount of the downpayment.

(9) Where the credit is secured, a statement that a security interest has been taken in (A) the property which is purchased as part of the credit transaction, or (B) property not purchased as part of the credit transaction identified by item or type.

(10) Any dollar charge or percentage amount which may be imposed by a creditor solely on account of a late payment, other than a deferral or extension charge.

(11) A statement indicating whether or not the consumer is entitled to a rebate of any finance charge upon refinancing or prepayment in full pursuant to acceleration or otherwise, if the obligation involves a precomputed finance charge. A statement indicating whether or not a penalty will be imposed in those same circumstances if the obligation involves a finance charge computed from time to time by application of a rate to the unpaid principal balance.

(12) A statement that the consumer should refer to the appropriate contract document for any information such document provides about nonpayment, default, the right to accelerate the maturity of the debt, and prepayment rebates and penalties.

**8. Upon information and belief Defendant is in violation of 15 USC 1666(a), (b) and (d) which state as follow:**

   **§1666. Correction of billing errors**
   **(a) Written notice by obligor to creditor; time for and contents of notice; procedure upon receipt of notice by creditor**

If a creditor, within sixty days after having transmitted to an obligor a statement of the obligor's account in connection with an extension of consumer credit, receives at the address disclosed under section 1637(b)(10) of this title a written notice (other than notice on a payment stub or other payment medium supplied by the creditor if the creditor so stipulates with the disclosure required under section 1637(a)(7) of this title) from the obligor in which the obligor—

(1) sets forth or otherwise enables the creditor to identify the name and account number (if any) of the obligor,

(2) indicates the obligor's belief that the statement contains a billing error and the amount of such billing error, and

(3) sets forth the reasons for the obligor's belief (to the extent applicable) that the statement contains a billing error,the creditor shall, unless the obligor has, after giving such written notice and before the expiration of the time limits herein specified, agreed that the statement was correct—

(A) not later than thirty days after the receipt of the notice, send a written acknowledgment thereof to the obligor, unless the action required in subparagraph (B) is taken within such thirty-day period, and

(B) not later than two complete billing cycles of the creditor (in no event later than ninety days) after the receipt of the notice and prior to taking any action to collect the amount, or any part thereof, indicated by the obligor under paragraph (2) either—

(i) make appropriate corrections in the account of the obligor, including the crediting of any finance charges on amounts erroneously billed, and transmit to the obligor a notification of such corrections and the creditor's explanation of any change in the amount indicated by the obligor under paragraph (2) and, if any such change is made and the obligor so requests, copies of documentary evidence of the obligor's indebtedness; or

(ii) send a written explanation or clarification to the obligor, after having conducted an investigation, setting forth to the extent applicable the reasons why the creditor believes the account of the obligor was correctly shown in the statement and, upon request of the obligor, provide copies of documentary evidence of the obligor's indebtedness. In the case of a billing error where the obligor alleges that the creditor's billing statement reflects goods not delivered to the obligor or his designee in accordance with the agreement made at the time of the transaction, a creditor may not construe such amount to be correctly shown unless he determines that such goods were actually delivered, mailed, or otherwise sent to the obligor and provides the obligor with a statement of such determination. After complying with the provisions of this subsection with respect to an alleged billing error, a creditor has no further responsibility under this section if the obligor continues to make substantially the same allegation with respect to such error.

**(b) Billing error**

For the purpose of this section, a "billing error" consists of any of the following:

(1) A reflection on a statement of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement.

(2) A reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof.

(3) A reflection on a statement of goods or services not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of a transaction.

(4) The creditor's failure to reflect properly on a statement a payment made by the obligor or a credit issued to the obligor.

(5) A computation error or similar error of an accounting nature of the creditor on a statement.

(6) Failure to transmit the statement required under section 1637(b) of this title to the last address of the obligor which has been disclosed to the creditor, unless that address was furnished less than twenty days before the end of the billing cycle for which the statement is required.

(7) Any other error described in regulations of the Board.

**(e) Action by creditor to collect amount or any part thereof regarded by obligor to be a billing error**

For the purposes of this section, "action to collect the amount, or any part thereof, indicated by an obligor under paragraph (2)" does not include the sending of statements of account, which may include finance charges on amounts in dispute, to the obligor following written notice from the obligor as specified under subsection (a) of this section, if—

(1) the obligor's account is not restricted or closed because of the failure of the obligor to pay the amount indicated under paragraph (2) of subsection (a) of this section, and

(2) the creditor indicates the payment of such amount is not required pending the creditor's compliance with this section. Nothing in this section shall be construed to prohibit any action by a creditor to collect any amount which has not been indicated by the obligor to contain a billing error.

**(e) Effect of noncompliance with requirements by creditor**

Any creditor who fails to comply with the requirements of this section or section 1666a of this title forfeits any right to collect from the obligor the amount indicated by the obligor under paragraph (2) of subsection (a) of this section, and any finance charges thereon, except that the amount required to be forfeited under this subsection may not exceed $50.

**§1666a. Regulation of credit reports**

**(a) Reports by creditor on obligor's failure to pay amount regarded as billing error**

After receiving a notice from an obligor as provided in section 1666(a) of this title, a creditor or his agent may not directly or indirectly threaten to report to any person adversely on the obligor's credit rating or credit standing because of the obligor's failure to pay the amount indicated by the obligor under section 1666(a)(2) of this title, and such amount may not be reported as delinquent to any third party until the creditor has met the requirements of section 1666 of this title and has allowed the obligor the same number of days (not less than ten) thereafter to make payment as is provided under the credit agreement with the obligor for the payment of undisputed amounts.

**(b) Reports by creditor on delinquent amounts in dispute; notification of obligor of parties notified of delinquency**

If a creditor receives a further written notice from an obligor that an amount is still in dispute within the time allowed for payment under subsection (a) of this section, a creditor may not report to any third party that the amount of the obligor is delinquent because the obligor has failed to pay an amount which he has indicated under section 1666(a)(2) of this title, unless the creditor also reports that the amount is in dispute and, at the same time, notifies the obligor of the name and address of each party to whom the creditor is reporting information concerning the delinquency.

**(c) Reports by creditor of subsequent resolution of delinquent amounts**

A creditor shall report any subsequent resolution of any delinquencies reported pursuant to subsection (b) of this section to the parties to whom such delinquencies were initially reported.

**§1666b. Timing of payments**

**(a) Time to make payments**

A creditor may not treat a payment on a credit card account under an open end consumer credit plan as late for any purpose, unless the creditor has adopted reasonable procedures

designed to ensure that each periodic statement including the information required by section 1637(b) of this title is mailed or delivered to the consumer not later than 21 days before the payment due date.

**(b) Grace period**

If an open end consumer credit plan provides a time period within which an obligor may repay any portion of the credit extended without incurring an additional finance charge, such additional finance charge may not be imposed with respect to such portion of the credit extended for the billing cycle of which such period is a part, unless a statement which includes the amount upon which the finance charge for the period is based was mailed or delivered to the consumer not later than 21 days before the date specified in the statement by which payment must be made in order to avoid imposition of that finance charge.

**§1666d. Treatment of credit balances**

Whenever a credit balance in excess of $1 is created in connection with a consumer credit transaction through (1) transmittal of funds to a creditor in excess of the total balance due on an account, (2) rebates of unearned finance charges or insurance premiums, or (3) amounts otherwise owed to or held for the benefit of an obligor, the creditor shall—

(A) credit the amount of the credit balance to the consumer's account;

(B) refund any part of the amount of the remaining credit balance, upon request of the consumer; and

(C) make a good faith effort to refund to the consumer by cash, check, or money order any part of the amount of the credit balance remaining in the account for more than six months, except that no further action is required in any case in which the consumer's current location is not known by the creditor and cannot be traced through the consumer's last known address or telephone number.

**9.  Defendant has failed to provide disclosure information under USC 15 §1681d which states as follows:**

**§1681d. Disclosure of investigative consumer reports**

**(a) Disclosure of fact of preparation**

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—

(1) it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and (B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title; and

(2) the person certifies or has certified to the consumer reporting agency that—

(A) the person has made the disclosures to the consumer required by paragraph (1); and

(B) the person will comply with subsection (b) of this section.

**(b) Disclosure on request of nature and scope of investigation**

Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable

period of time after the receipt by him of the disclosure required by subsection (a)(1) of this section, make a complete and accurate disclosure of the nature and scope of the investigation requested. This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

### §1681i. Procedure in case of disputed accuracy
### (a) Reinvestigations of disputed information
### (1) Reinvestigation required
### (A) In general
Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
### (B) Extension of period to reinvestigate
Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.
### (C) Limitations on extension of period to reinvestigate
Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.
### (2) Prompt notice of dispute to furnisher of information
### (A) In general
Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.
### (B) Provision of other information
The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).
### (3) Determination that dispute is frivolous or irrelevant
### (A) In general
Notwithstanding paragraph (1), a consumer reporting agency may terminate a reinvestigation of information disputed by a consumer under that paragraph if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information.
### (B) Notice of determination

Upon making any determination in accordance with subparagraph (A) that a dispute is frivolous or irrelevant, a consumer reporting agency shall notify the consumer of such determination not later than 5 business days after making such determination, by mail or, if authorized by the consumer for that purpose, by any other means available to the agency.

**(C) Contents of notice**

A notice under subparagraph (B) shall include—

(i) the reasons for the determination under subparagraph (A); and

(ii) identification of any information required to investigate the disputed information, which may consist of a standardized form describing the general nature of such information.

**(4) Consideration of consumer information**

In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

**(5) Treatment of inaccurate or unverifiable information**

**(A) In general**

If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

**10.  Defendant has violated 15 USC 1692g § 809. By not validating debt prior to reporting:**

15 USC 1692g § 809.  Validation of debts (a) Notice of debt; contents Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing— (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. (b) Disputed debts If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and

address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. (c) Admission of liability The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer. (d) Legal pleadings A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a). 13 § 809 15 USC 1692g (e) Notice provisions The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by title 26, title V of Gramm-Leach-Bliley Act [15 U.S.C. 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

**11. Defendant has further violated 15 USC 1692k § 813. Civil liability**

(a) Amount of damages
Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
(1) any actual damage sustained by such person as a result of such failure;
(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
(B) in the case of a class action,
(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and
(ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

12.  Plaintiff is requesting the Honorable court for a judgment against the Defendant for five violations of USC 15 sections 1632,1638,1666, 1681 cost of $7000.00, as well as costs and fees and further relief that is just and equitable.


_____                    ___1/23/25___
Dan Wicker                                  Date



U.S. POSTAGE PAID
FCM LETTER
HOLLY, MI 48442
FEB 11, 2025

**$10.24**

S224N508406-08

48226

Retail

RDC 99

CERTIFIED MAIL®

9589 0710 5270 0553 4270 61

RECEIVED FEB 1 3 2025

JON WINTERS
14611 MORAN
NWEN PARK, MI 48101

ALLY BANK
500 WOODWARD AVE, FLOOR 10
DETROIT, MI 48226

48226343423 C029

Approved, SCAO

MichiganLegalHelp.org has tools that can help you with small claims cases.

Original - Court
1st copy - Plaintiff
2nd copy - Defendant

| STATE OF MICHIGAN | DEMAND AND ORDER FOR REMOVAL | CASE NUMBER |
|---|---|---|

24th **JUDICIAL DISTRICT**  **Small Claims**

25-61769   -SC
-GC

**Court address**

6515 Roosevelt Ave, Allen Park, MI 48101

**Court telephone number**

313-928-0535

Plaintiff's name, address, and telephone number

Dan Wicker
14641 Moran Ave
Allen Park, MI 48101
248-533-5433

☐ Personal service

v

Defendant's name, address, and telephone number

Ally Bank
500 Woodward Ave, Floor 10
Detroit, MI 48226
800-955-7632

☐ Personal service

This demand is made by   ☑ plaintiff.   ☐ plaintiff's attorney.   ☐ defendant.   ☐ defendant's attorney.

### DEMAND

I demand that this case be removed from the small claims division to the general civil division of the court.

2/18/25

**Date**

Attorney's name, address, and telephone number (party demanding removal)
pro se

*Un Wa*

Signature of party demanding removal

Dan Wicker

Name (type or print)

14641 Moran Ave

Address

Allen Park, MI 48101                248-533-5433

City, state, zip                          Telephone number

### ORDER

**IT IS ORDERED:**  This case is removed to the general civil division of the court for further proceedings. **The defendant has 14 days from the date of this order to file a written answer and serve it on the other party or take other lawful action with the court. If the defendant does not answer or take other action within the time allowed, judgment may be entered for the relief demanded in the complaint**

_____          _____

**Date**                              **Judge**                          **Bar number**

/s/ Richard Page
February 2[...]

### CERTIFICATE OF MAILING

I certify that on this date I served a copy of this order on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).

_____          _____

**Date**                              Signature of party demanding removal

**DC 86** (6/19)   **DEMAND AND ORDER FOR REMOVAL, Small Claims**         MCL 600.8401 *et seq.*, MCR 4.306
SRA