UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dan Wicker,

          Plaintiff,      Case No. 25-cv-10621

v.                                Judith E. Levy
                                United States District Judge
Ally Bank,

                                Mag. Judge Elizabeth A. Stafford

          Defendant.

_____/

**ORDER ADOPTING IN PART**
**REPORT AND RECOMMENDATION [7]**

Before the Court is Magistrate Judge Elizabeth A. Stafford's Report and Recommendation (R&R) (ECF No. 7) recommending the Court (1) dismiss the action with prejudice and (2) deny as moot Defendant Ally Bank's motion to dismiss. (ECF No. 3.) The R&R recommends the Court dismiss the action with prejudice due to *pro se* Plaintiff Dan Wicker's failure to prosecute the case. The R&R notes that Plaintiff failed to respond to Defendant's motion to dismiss and then failed to respond to a May 19, 2025 show cause order issued by Magistrate Judge Stafford. (ECF No. 7, PageID.74–75.) The deadline for Plaintiff to respond to the

show cause order was May 30, 2025. (ECF No. 6.) The R&R was entered on June 11, 2025.[1] (ECF No. 7.)

The R&R analyzes four factors identified by the Sixth Circuit "to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under [Federal] Rule [of Civil Procedure] 41(b)." (*Id.* at PageID.76.) Those factors are:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

(*Id.* (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).)

The R&R finds that an

> [a]nalysis of the *Knoll* factors supports dismissal. For the first factor, [Plaintiff] is at fault because he failed to respond to the dispositive motion or the order to show cause. His failure to respond was either was [sic] done in bad faith or is "willful

---

[1] On the docket, text-only certificates of service indicate that the Court mailed Plaintiff a copy of the show cause order (ECF No. 6) and the R&R. (ECF No. 7.) The show cause order was mailed on May 19, 2025; the R&R was mailed on June 11, 2025. The documents were mailed to the address identified for Plaintiff in the complaint: 14641 Moran Ave., Allen Park, MI 48101. (ECF No. 1, PageID.8.) They were not returned to the Court as undeliverable.

2

and with fault." *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

> Although there is no evidence that [Defendant] was prejudiced by [Plaintiff's] inaction, the third and fourth factors weigh heavily in favor of dismissal. The Court warned [Plaintiff] that his failure to respond to the show cause order could result in dismissal of the action. [(ECF No. 6.)] And "dismissal is the only appropriate remedy because [Plaintiff] has effectively abandoned the case." *Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (cleaned up).

(*Id.* at PageID.76–77.)

The R&R contains a notice to the parties regarding objections. (*Id.* at PageID.77–78.) As reflected in the notice, the parties were required to file specific written objections to the R&R, if any, within fourteen days of service. (*Id.* at PageID.78.) *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). No objections were filed.

On June 25, 2025, the Clerk's Office received a document from Plaintiff titled "Response to Order to Show Cause." (ECF No. 8.) The document was submitted through the *Pro Se* Electronic Document Upload Program[2] and filed on the docket by the Clerk's Office. Plaintiff

---

[2] According to the docket, Plaintiff was given "Pro Se E-filing Access" on June 25, 2025.

3

indicates in the body of his filing that he is responding to the Court's show cause order. (*Id.*) He "requests that the Court discharge the Order to Show Cause and permit this case to proceed without further sanction or dismissal." (*Id.*) Plaintiff states that the "Reason for Delay/Non-Compliance" "was an oversight due to miscommunication" between the parties. (*Id.*) He states that "[t]his was not done in bad faith or with intent to delay the proceedings." (*Id.*) In addition, Plaintiff states that "[s]ince receiving the Court's Order, [he] ha[s] registered with PACER to complete the necessary steps to continue the case." (*Id.*) He asserts that "[g]ood cause exists to excuse the delay and permit this matter to proceed" because "[c]ourts in this circuit have held that pro per litigants should have some latitude when navigating the Federal Court System." (*Id.*) Plaintiff argues that granting the requested relief will not prejudice Defendant and that "allowing the matter to proceed on its merits serves the interests of justice." (*Id.*)

Defendant opposes the relief requested by Plaintiff. (ECF No. 9.) Defendant argues that Plaintiff's response to the show cause order "is egregiously untimely, fails to comply with the Court's explicit directions, and otherwise fails to state any meritorious basis to avoid dismissal." (*Id.*

4

at PageID.82.) Defendant asks "that the Court strike or otherwise disregard the Response in its entirety and dismiss this action in its entirety, with prejudice, as recommended by the Magistrate Judge." (*Id.*)

The Court agrees with Defendant that Plaintiff's response to the show cause order is untimely. Plaintiff filed his response on June 25, 2025[3]—almost one month after the May 30, 2025 deadline imposed by Magistrate Judge Stafford in her show cause order. (ECF No. 6.) The time for Plaintiff to respond to the show cause order has expired. Plaintiff's late response to the show cause order does not warrant rejecting the R&R currently before the Court.

Even if the Court treats Plaintiff's filing as an objection to the R&R, the filing does not present a justification for the Court to not adopt the R&R. The filing does not "specify the part of the [R&R] to which [Plaintiff]

---

[3] Plaintiff's response to the show cause order is dated May 30, 2025. (ECF No. 8.) But that date is not when the response was filed. Administrative Order 22-AO-041 provides that the filing date of a document submitted using the *Pro Se* Electronic Document Upload Program is the date the document is received by the Clerk's Office, unless the submission is made when the Court is closed. *See* 22-AO-041 (available at https://www.mied.uscourts.gov/PDFFIles/22AO041.pdf) (last visited July 14, 2025). "If a filing is submitted on a date that the court is closed, the filing date will be the next business date." *Id.* As noted above, the Clerk's Office received Plaintiff's response on June 25, 2025. The Court was not closed on that date, which fell on a Wednesday. Thus, the response's filing date is June 25, 2025.

objects" and "state the basis for the objection," as required by Eastern District of Michigan Local Rule 72.1(d). E.D. Mich. LR 72.1(d); *see Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). In his filing, Plaintiff does not identify an error in the R&R or show that the R&R is flawed. Nor does he demonstrate that the information in his filing—including his "Reason for Delay/Non-Compliance" ("an oversight due to miscommunication" between the parties and a lack of "bad faith" and "intent to delay the proceedings") (ECF No. 8)—compels a different outcome than the one recommended in the R&R.

The Court has carefully reviewed the R&R and largely concurs in the reasoning and result. One of the reasons the R&R recommends dismissal of the action with prejudice is that Plaintiff "has effectively abandoned the case." (ECF No. 7, PageID.77 (internal citation omitted).) But because Plaintiff's most recent filing (ECF No. 8) demonstrates that he has no longer completely abandoned the case, the action is dismissed without prejudice. As a result, the R&R is adopted in part.

Accordingly,

The R&R (ECF No. 7) is ADOPTED IN PART;

The action is DISMISSED WITHOUT PREJUDICE; and

Defendant's motion to dismiss (ECF No. 3) is DENIED AS MOOT.[4]

IT IS SO ORDERED.

Dated: July 14, 2025             s/Judith E. Levy
   Ann Arbor, Michigan        JUDITH E. LEVY
                                       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 14, 2025.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager

---

[4] By failing to object to the R&R, the parties have forfeited any further right of appeal. *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019); *see Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019).